RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/27/12
JDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| QUINCY LEVINE | DOCKET NO. 11-CV-1936; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN MARINA MEDINA | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Pro se petitioner Quincy Levine, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on November 2, 2011. Petitioner is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary, Pollock, Louisiana. He attacks a 2004 sentence imposed in the United States District Court for the Northern District of Texas.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DENIED AND DISMISSED**.

### *Background*

Petitioner was convicted of cocaine distribution following a guilty plea. Petitioner was sentenced to 360 months of imprisonment. Petitioner field a Motion to Vacate under 28 U.S.C. §2255 in 2006 claiming, among other things, that his guilty plea was involuntary and that he received ineffective assistance of counsel. [4:03-cr-00316-A (NDTX); Doc. #443] The motion was denied on March 1, 2007. [Id.]

On April 14, 2008, Petitioner filed a motion to reduce sentence pursuant to 18 U.S.C. §3582(c)(2) seeking retroactive application of the amended Sentencing Guidelines regarding crack cocaine offenses. [4:03-cr-00316-A; Doc. #472] The sentencing court determined that Petitioner was not entitled to a reduction in his term of imprisonment under Section 3582(c) or USSG §1B1.10(c). It noted that Petitioner's guideline range was not derived from the quantity of crack cocaine involved in the offense, but rather from his career-offender status. [Id. at Doc. #475] It is well-settled that "[t]he crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders." U.S. v. Anderson, 591 F.3d 789, 791 (5th Cir. 2009).

### Law and Analysis

A §2241 petition attacking a federal conviction or sentence may be considered only if the petitioner establishes that the remedy under §2255 is inadequate or ineffective to test the legality of his detention. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the §2255 remedy rests with the petitioner. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, Petitioner must show that (1) his claim is based on a retroactively applicable Supreme Court decision, (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first §2255 motion, and (3)

that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. See Garland v. Roy, 615 F.3d 391, 394 (5th Cir. 2010); Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Petitioner claims that he meets the requirements of the "savings clause" of Section 2255.  However, he has failed to identify a retroactively applicable Supreme Court decision that establishes he may have been convicted of a nonexistent offense. Should Petitioner wish to file a second motion under Section 2255, he must seek permission from the United States Court of Appeals.

### Conclusion

**For the forgoing reasons, IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus under §2241 be **DENIED and DISMISSED** because this Court lacks jurisdiction to consider these claims.

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the**

date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 26th day of January, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

4